UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IRVING OIL LIMITED and<br>HIGHLANDS FUEL DELIVERY, LLC,<br><br>           Plaintiffs,<br>v.<br><br>ACE INA INSURANCE,<br><br>           Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL BY DEFENDANT ACE INA INSURANCE

Pursuant to 28 U.S.C. §§ 1441 and 1446 and/or Section 1503 of the Energy Policy Act of 2005,[1] Defendant ACE INA Insurance ("ACE-INA") hereby removes the action captioned *Irving Oil Limited and Highlands Fuel Delivery, LLC v. ACE INA Insurance* in Maine Superior Court, Cumberland County, Docket No.: CV-16-347, to the United States District Court for the District of Maine, sitting in Portland. In support hereof, ACE-INA states as follows:

### PROCEDURAL MATTERS

1.    On September 7, 2016, Irving Oil Limited and Highlands Fuel Delivery, LLC ("the Irving Plaintiffs") filed this action in Maine Superior Court, Cumberland County.

2.    Copies of all the filings in Maine Superior Court in this case and an attestation of the Superior Court clerk certifying the copies are attached as Exhibits A through R. An affidavit of Brett R. Leland certifying that these are true and correct copies of the State Court filings is attached as Exhibit S.

---

[1] Energy Policy Act of 2005, Pub. L. 109-58, Title XV, § 1503, Aug. 8, 2005, 119 Stat. 594, 1076, 42 U.S.C. § 7545 (nt).

1

3. The Irving Plaintiffs did not purport to serve ACE-INA until September 22, 2016.[2] Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). ACE-INA expressly reserves its right to contest service.

4. Pursuant to 28 U.S.C. § 1446(d), ACE-INA will promptly file a copy of this Notice of Removal and Exhibits and Notice of Filing of Notice of Removal with the Clerk of the Court for the Maine Superior Court, Cumberland County (Attached as Exhibit U), and serve the Irving Plaintiffs with same, and ACE-INA, on this date, is serving the Irving Plaintiffs with this Notice of Removal and Exhibits.

5. This Notice of Removal is signed pursuant to 28 U.S.C. § 1446(a).

## JURISDICTION AND BASIS FOR REMOVAL

6. Section 1503 of the Energy Policy Act of 2005 ("the Energy Policy Act") expressly provides for removal of and jurisdiction over this case. Section 1503 provides: "Claims and legal actions filed after the date of enactment of this Act related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) may be removed to the appropriate United States district court."[3]

7. Removal of this case and jurisdiction are proper under Section 1503 of the Energy Policy Act because the Irving Plaintiffs' Complaint plainly "relates to" allegations involving actual or threatened contamination of MTBE. The Complaint is expressly predicated on alleged MTBE contamination in the State of Rhode Island; Plaintiffs depend on claims of MTBE contamination to maintain their allegations against ACE-INA; Plaintiffs seek, among other things, a declaration

---

[2] *See* Exhibit G, Affidavit of David B. McConnell Regarding Service dated October 4, 2016 at ¶¶ 2-4 (setting forth two purported methods of service, the first of which was purportedly made on September 22, 2016).

[3] Energy Policy Act of 2005, Pub. L. 109-58, Title XV, § 1503, Aug. 8, 2005, 119 Stat. 594, 1076, 42 U.S.C. § 7545 (nt).

that ACE-INA is obligated to defend and indemnify them under certain insurance policies for alleged MTBE contamination; and Plaintiffs' claims against ACE-INA will require proof of allegations of and about MTBE contamination.

8. For example, the Complaint contains allegations of and each Count of the Complaint is based on alleged MTBE contamination.[4]

9. Jurisdiction is proper because (a) an Act of Congress has expressly provided for removal of and jurisdiction over this action, and (b) this Court's powers under Article III of the United States Constitution extend to this action.  Article III jurisdiction exists because, among other things, there is minimal constitutional diversity, as Plaintiffs and ACE are not co-citizens.[5]  In addition (or alternatively), Article III jurisdiction is proper where a claim or a defense involves a "federal ingredient."[6]  Here, the underlying Rhode Island MTBE Lawsuit alleges federal Resource Conservation and Recovery Act ("RCRA") claims against Plaintiffs.[7]  Plaintiffs' claims for RCRA-related coverage will necessarily involve proof of the federal RCRA claims, and thus contain a "federal ingredient" that makes exercising federal jurisdiction constitutional.

## VENUE

10. Pursuant to 28 U.S.C. § 1446(a), venue is proper in this Court as it is the District Court for the district and division embracing the place where such action is pending.  Per Local Rule 3(b), cases which originate in Cumberland County shall be filed in Portland.

---

[4] *See* Exhibit B, the Irving Plaintiffs' Complaint ¶¶ 1, 9, 32, 37, 43.

[5] *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 ("[A]rticle III poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, so long as any two adverse parties are not co-citizens.").

[6] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, --- U.S. ---, 136 S. Ct. 1562, 1570 (2016) ("This Court has long read the words 'arising under' in Article III to extend quite broadly, 'to all cases in which a federal question is an 'ingredient' of the action.'").

[7] *See, e.g.,* Exhibit T, the Rhode Island MTBE Lawsuit at ¶¶ 178-190.

11.  If any question arises as to the propriety of removal of this action, ACE-INA respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

WHEREFORE, Defendant ACE INA Insurance removes this action from the Maine Superior Court, Cumberland County, to the United States District Court for the District of Maine, sitting in Portland.  Defendant ACE INA Insurance does not waive and expressly reserves all rights and remedies, including, without limitation, its right to raise defenses set forth in F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 12(b).

Dated at Portland, Maine this 24th day of October, 2016.

/s/ Harold J. Friedman
Harold J. Friedman, Esq., Bar No. 1252

/s/ Brett R. Leland
Brett R. Leland, Esq., Bar No. 9828
VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112-0586
(207) 774-4000

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Notice of Removal on counsel for the Irving Plaintiffs by e-mail and by U.S. mail (first-class mail, postage prepaid) on October 24, 2016.

/s/ Brett R. Leland
Brett R. Leland